UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATIENCE N. CHIKURI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1097-RLY-DML |
| | ) | |
| ST. VINCENT NEW HOPE, INC., | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

On August 31, 2010, Patience N. Chikuri ("Plaintiff") filed a Complaint against her former employer, St. Vincent New Hope, Inc. ("Defendant"), alleging that she was terminated from her employment as a result of religious discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). On December 6, 2010, Defendant filed the instant Motion to Dismiss, alleging that Plaintiff failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on the foregoing reasons, the court **GRANTS** Defendant's Motion.

**I.    Plaintiff's Affidavit**

As a preliminary matter, Defendant argues that the court should not consider Plaintiff's Affidavit, which is attached to Plaintiff's Response, because it contradicts allegations contained in the Complaint. When evaluating a motion to dismiss, the court may look to allegations made outside the complaint, "so long as those allegations are consistent with the complaint." *Lang v. TCF Nat. Bank*, 249 Fed.Appx. 464, 465 (7th

1

Cir. 2007) (citing *Help and Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001)).

The Complaint states that at the time the events giving rise to this lawsuit occurred, Plaintiff was "exploring becoming a Muslim." (Complaint ¶ 17). Plaintiff's Affidavit provides that her "[t]ransition to Muslim was quick" and that it was her "new found religion." (Affidavit of Patience Chikuri ("Plaintiff Aff.") ¶ 7). The Affidavit also provides, in the following paragraph, that she "started learning Muslin [sic] but that [her] excitement was cut short" because neither her friends or family would accept her new found religion. (*Id.* ¶ 8).

The court finds that Plaintiff's Affidavit does not contradict Plaintiff's allegation that she was "exploring" her religion. Although she states that Islam was her new found religion, she also states that she was in the process of learning it, and that she does not practice it because her friends and family do not approve. Accordingly, the court may consider Plaintiff's Affidavit in ruling on the present Motion to Dismiss.

## II. Factual Background

Defendant is a facility that provides services to mentally and physically disabled clients. (*Id.* ¶ 8). Plaintiff began working for Defendant in January 2004. (Complaint ¶ 7). As an employee of Defendant, Plaintiff's job duties required her to provide direct assistance to individuals living at the facility, which included taking individuals on various errands, as well as assisting with household chores and other personal needs. (*Id.* ¶ 9).

On several occasions, Plaintiff was asked by her supervisor to drive one particular resident to church services at the Church of the Nazarene. (*Id.* ¶ 10). Each time Plaintiff's supervisor directed her to drive the resident to church, Plaintiff complained that she was uncomfortable with the beliefs and practices of the Church of the Nazarene. (*Id.* ¶ 11). In addition, Plaintiff asked to be "accommodated" by being released from the duty of driving the resident to church. (*Id.* ). Plaintiff's supervisor did not approve Plaintiff's request. (*Id.* ¶ 12).

On February 10, 2008, Plaintiff's supervisor asked Plaintiff to drive the resident to the Church of the Nazarene, but Plaintiff refused to do so. (*Id.* ¶ 13). On February 12, 2008, Plaintiff was terminated from her position for failing to follow her supervisor's instructions. (*Id.* ¶ 15).

Plaintiff alleges that she was terminated based on her religious beliefs. Plaintiff claims that she does not currently practice a particular religion, but at the time of her termination, Plaintiff was exploring becoming a Muslim. (*Id.* ¶ 17). Plaintiff alleges that Defendant engaged in religious discrimination[1] and failed to accommodate her religious beliefs, in violation of Title VII. (*Id.* ¶¶ 16-26).

## III. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for

---

[1] Count II of Plaintiff's Complaint alleges a claim of retaliation under Title VII. As Defendant properly notes, the retaliation claim is more properly analyzed as part of the religious discrimination claim because the Complaint fails to allege that Plaintiff engaged in protected activity. (Defendant Moving Brief at 3 n.1). Plaintiff does not contest Defendant's argument.

"failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## IV. Discussion

Title VII makes it unlawful for an employer "to fail or refuse to hire or discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000-2(a)(1). Under the statute, religion includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). In order to establish a claim for religious discrimination under Title VII, Plaintiff must show that: (1) her bona fide religious practice conflicted with an employment requirement; (2) she notified the employer of the practice; and (3) the practice was the basis for an adverse employment action. *Adams v. Retail Ventures, Inc.*,

325 Fed.Appx. 440, 443 (7th Cir. 2009) (citing *E.E.O.C. v. Ilnoa of Hungary, Inc.*, 108 F.3d 1569, 1575 (7th Cir. 1997)). If Plaintiff establishes the elements of a *prima facie* claim for religious discrimination, then "the burden is on the employer to show that a reasonable accommodation of the religious practice was made or that any accommodation would result in undue hardship." *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 475 (7th Cir. 2001) (citing *Baz v. Walters*, 782 F.2d 701, 706 (7th Cir. 1986)).

Here, Plaintiff cannot establish the first element of her *prima facie* religious discrimination claim because she does not allege a bona fide religious practice. Plaintiff merely alleges that she was "exploring" becoming a Muslim, and that she was in the process of learning Islam. (Complaint ¶ 17; Plaintiff Aff. ¶ 7). Moreover, Plaintiff fails to allege a specific religious practice or belief held by her that was used as a basis for her termination. Instead, Plaintiff alleges that the patient's religious practices of attending the Church of the Nazarene made Plaintiff uncomfortable. Title VII provides a cause of action where a plaintiff's own religious beliefs lead to an adverse employment action, but not where another individual's religious practices and beliefs merely make a plaintiff uncomfortable. *See Kreilkamp v. Roundy's, Inc.*, 428 F.Supp.2d 903, 908 (W.D. Wis. 2006) ("[A]n employee cannot redefine . . . [an] aversion as a religious belief" (citing *Reed v. Great Lakes Cos., Inc.*, 330 F.3d 931 (7th Cir. 2003)).

Even if Plaintiff had properly alleged a religious practice, the Complaint contains no allegation that Plaintiff ever informed Defendant of her religious beliefs or practices. In fact, Plaintiff specifically states that she kept her religious beliefs private, and did not

5

openly practice Islam. (Plaintiff's Aff. ¶¶ 7-8). Thus, because Plaintiff fails to allege the elements of a *prima facie* religious discrimination claim, both her religious discrimination claim and her failure to accommodate claim must be dismissed for failure to state a claim upon which relief can be granted. *Anderson*, 274 F.3d at 475 (citations omitted); *E.E.O.C.*, 108 F.3d at 1575.

**V.    Conclusion**

Based on the foregoing reasons, the court **GRANTS** Defendant's Motion to Dismiss (Docket # 10).

**SO ORDERED** this 15th day of April 2011.

                                                  RICHARD L. YOUNG, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Electronic Copies To:

Matthew T. Black
OFFICE OF THE INDIANA ATTORNEY GENERAL
matthew.black@atg.in.gov

Gail M. Flatow
FLATOW LAW FIRM
gail@flatowlaw.com

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com